[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11857
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00413-RAL-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO ZARCO PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 16, 2011)

Before BLACK, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Rogelio Perez appeals his conviction for possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c).[1]  Perez argues the district court erred in denying his motion for judgment of acquittal on the sole basis the evidence used to convict him was insufficient.[2]  Specifically, Perez contends the Government did not establish beyond a reasonable doubt his possession of a 9mm Smith & Wesson handgun was "in furtherance" of a drug trafficking offense because "he did not help, promote, or advance the crime in any way."  After review, we affirm Perez's conviction.[3]

To prove a violation of 18 U.S.C. § 924(c), the Government must show the defendant "(1) knowingly (2) possessed a firearm (3) in furtherance of any drug trafficking crime for which he could be prosecuted in a court of the United States." *United States v. Woodard*, 531 F.3d 1352, 1362 (11th Cir. 2008).  To be "in

---

[1]Perez pleaded guilty to conspiracy to possess with the intent to distribute five or more kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and possession with the intent to distribute five or more kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(ii).

[2]We need not address Perez's judgment of acquittal argument based on our finding the evidence presented at trial was sufficient.

[3]We review challenges to the sufficiency of the evidence de novo.  *United States v. Williams*, 527 F.3d 1235, 1244 (11th Cir. 2008).  We view "the evidence in the light most favorable to the government," resolving "any conflicts in favor of the government and accept[ing] all reasonable inferences that tend to support the government's case." *Id.*  We will affirm "a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *Id.* (quotation omitted).

furtherance" of the drug trafficking offense, the firearm must have "helped, furthered, promoted, or advanced the drug trafficking." *Id.* (quotation omitted). We consider several factors to determine whether a firearm was possessed in furtherance of a drug trafficking offense, including:

> The type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

*Woodard*, 531 F.3d at 1362 (quotation omitted).

There was sufficient evidence to show Perez possessed a firearm in furtherance of a drug trafficking offense. Perez possessed a loaded 9mm Smith & Wesson handgun, which was readily accessible on his bedroom night stand. Further, a drug ledger and between $20,000 and $40,000 in drug proceeds were found in Perez's bedroom closet. Lastly, in a barn located 25-50 yards from the house were 52 kilograms of cocaine and $119,940 in drug proceeds. Because Perez's role in the drug trafficking organization was to protect the drugs and drug profits, a reasonable trier of fact could have determined this evidence showed he possessed the firearm in furtherance of a drug trafficking offense. *See Williams*, 527 F.3d at 1244.

**AFFIRMED.**

3